**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
 seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
 marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
 todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Patrick J. Branson (*pro hac vice*)
 patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY D'ANTONIO, THOMAS THAYER, and REINA CUEVAS GARCIA, individuals, on behalf of themselves, the general public, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SMITH & WESSON INC., <br><br> Defendant. | Case No. 5:25-cv-03085-PCP <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> Honorable P. Casey Pitts <br><br> Hearing Date:    May 21, 2026 <br> Hearing Time:    10:00 AM <br> Hearing Location:    Courtroom 8, 4th Floor |

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................................2

    A.    S&W Falsely Told Plaintiffs and Other Users That They Could "Reject All" Cookies on the Website. .............................................................................................2

III.  ARGUMENT ........................................................................................................................4

    A.    Plaintiff Thayer's Claims are Timely. .....................................................................4

    B.    Plaintiffs Have Adequately Pled CIPA Claims. ......................................................6

        1.    Plaintiffs properly plead that "contents" were intercepted. .............................6

        2.    The "Contents" were Intercepted "in Transit". ...............................................7

        3.    Plaintiffs Properly Plead a "Pen Register" Claim Under Section 638.51........10

    C.    Plaintiffs Have Adequately Pleaded Their Fraud Claims. ...........................................11

    D.    Plaintiffs Request Leave to Amend If Necessary. .......................................................12

IV.   CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*B.K. v. Desert Care Network*,
No. 2:23-cv-05021 SPG (PDx), 2024 U.S. Dist. LEXIS 18970 (C.D. Cal. Feb. 1, 2024) .............. 5

*Beheshta Mahboob v. Educ. Credit Mgmt. Corp.*,
No. LA CV21-08585-JAK-GJS, 2023 U.S. Dist. LEXIS 245751 (C.D. Cal. Dec. 20, 2023)......... 4

*Blake v. Dierdorff*,
856 F.2d 1365 (9th Cir. 1988).................................................................................................... 7

*Brown v. Google LLC*,
525 F.Supp.3d 1049 (C.D. Cal. March 12, 2021) ....................................................................... 5

*Brown v. Natures Path Foods, Inc.*,
No. 21-cv-05132-HSG, 2022 U.S. Dist. LEXIS 42760 (N.D. Cal. Mar. 10, 2022) ..................... 11

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010)...................................................................................................... 6

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ........................................................................................ 8

*Cooper v. Pickett*,
137 F.3d 616 (9th Cir. 1997)..................................................................................................... 11

*DeSoto v. Yellow Freight Sys.*,
957 F.2d 655 (9th Cir. 1992)..................................................................................................... 12

*Doe v. Fullstory*,
712 F. Supp. 3d 1244 (N.D. Cal. 2024) ...................................................................................... 5

*Durnford v. MusclePharm Corp.*,
907 F.3d 595 (9th Cir. 2018)...................................................................................................... 4

*Esparza v. UAG Escondido A1 Inc.*,
No. 23cv0102 DMS(KSC), 2024 U.S. Dist. LEXIS 24429 (S.D. Cal. Feb. 12, 2024) ................... 9

*Foman v. Davis*,
371 U.S. 178 (1962) .................................................................................................................... 6

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ............................................................................................................... 4

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006)...................................................................................................... 4

*In re GlenFed, Inc. Secs. Litig.*,
42 F.3d 1541 (9th Cir. 1994)..................................................................................................... 11

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014)..................................................................................................... 7

*Jackson v. Linkedin Corp.*,
744 F. Supp. 3d 986 (N.D. Cal. 2024) ........................................................................................ 8

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)...................................................................................................... 9

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000)..................................................................................................... 6

*Mitchell v. Sonesta Int'l Hotels Corp.*,
No. CV 24-2603-GW-SSCx, 2024 U.S. Dist. LEXIS 186701 (C.D. Cal. Oct. 4, 2024)................. 9

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ............................................................................................... 11

*Rabin v. Google LLC*,
  725 F. Supp. 3d 1028 (N.D. Cal. Mar. 26, 2024) .............................................................. 4

*Ribas v. Clark*,
  38 Cal. 3d 355 (1985) ....................................................................................................... 9

*Rodriguez v. Ford Motor Co.*,
  No. 3:23-cv-00598, 2024 U.S. Dist. LEXIS 218685 (S.D. Cal. Dec. 3, 2024) ................ 6

*Rodriguez v. Google LLC*,
  No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476 (N.D. Cal. Jan. 25, 2022) .............. 8

*Ronconi v. Larkin*,
  253 F.3d 423 (9th Cir. 2001) .......................................................................................... 11

*Rosales v. FitFlop USA, LLC*,
  882 F. Supp. 2d 1168 (S.D. Cal. 2012) ........................................................................... 11

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ........................................................................................ 12

*St. Aubin v. Carbon Health Techs., Inc.*,
  No. 24-cv-00667-JST, 2024 U.S. Dist. LEXIS 179067 (N.D. Cal. Oct. 1, 2024) ....... 8, 9

*Turner v. Google LLC*,
  737 F. Supp. 3d 869 (N.D. Cal. 2024) .............................................................................. 4

*United States v. McGee*,
  993 F.2d 184 (9th Cir. 1993) ............................................................................................ 4

*Valenzuela v. Keurig Green Mountain, Inc.*,
  674 F. Supp. 3d 751 (N.D. Cal. 2023) .............................................................................. 8

*Van Saher v. Norton Simon Museum of Art at Pasadena*,
  592 F.3d 954 (9th Cir. 2010) ............................................................................................ 4

*Wiley v. Universal Music Grp.*,
  No. 25-cv-03095-PCP, 2025 LX 594493 (N.D. Cal. Dec. 17, 2025) ............................... 7

*Yoon v. Lululemon United States*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021) ............................................................................ 7

**Statutes**

Cal. Penal Code § 631 ............................................................................................................... 3, 6

Cal. Penal Code § 631(a) ........................................................................................................ 7, 8, 9

Cal. Penal Code § 638.50(b) ......................................................................................................... 10

Cal. Penal Code § 638.51 .......................................................................................................... 6, 10

Cal. Penal Code § 638.51(a) ......................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 3, 4

Fed. R. Civ. P. 9(b) ............................................................................................................... passim

## I.    INTRODUCTION

Plaintiffs Tony D'Antonio, Thomas Thayer, and Reina Cuevas Garcia ("Plaintiffs") bring their Amended Complaint against Smith & Wesson Inc. ("S&W" or "Defendant") for aiding third parties' collection of California users' private communications against their express instructions. Before the Court is Defendant's Motion to Dismiss Plaintiffs' Amended Complaint. ECF No. 53 ("Motion"). Plaintiffs filed the Amended Complaint in response to the Court's dismissal of Plaintiffs' CIPA and fraud claims. In particular, Plaintiffs' Amended Complaint added detail relating to the timing of Plaintiffs' visits and the types of content and routing information that third parties intercepted, as well as allegations concerning how the content was intercepted in transit.

Defendant now argues that Plaintiffs have failed to plead facts to support their CIPA claims, their fraud claims, and also that certain claims are time barred. Defendant is wrong.

Defendant's statute of limitation arguments are misplaced. The Court originally dismissed certain claims under Federal Rule of Civil Procedure 9(b) for failure to adequately identify "when" Plaintiffs visited each site. Plaintiffs responded by supplying more specific dates. Defendant now argues that some of these dates are outside the statute(s) of limitation for certain claims (e.g., CIPA). But the statute of limitations on Plaintiffs' claims are tolled by Defendant's fraudulent concealment and because Plaintiffs had no reason to discover Defendant's wrongful conduct at the time of their visits. The Amended Complaint includes allegations sufficient to support this.

The Amended Complaint also adequately alleges each of the elements required for Plaintiffs' CIPA claims. The Amended Complaint alleges "contents" that were intercepted by third parties with Defendant's aid, including specific information that each Plaintiff was interested in. The Amended Complaint also adequately alleges that Defendant aided third parties who "read," "learn[ed]," or "attempt[ed]" to "read" or "learn" the contents of Plaintiffs communications. It also alleges that they did so in "real time," while those communications were "in transit," since the pixels and cookies used to intercept Plaintiffs' communications did so as Plaintiffs visited and interacted with the Website. The Complaint also makes clear that routing information such as IP addresses, URLs, browser IDs, and other information were collected for this content.

Finally, Defendant argues that Plaintiffs' Cuevas Garcia's and Thayer's fraud claims should

be dismissed for failing to plead the specificity required under Rule 9(b). To be clear, the Court has already rejected 9(b) arguments regarding Thayer's clams. And the additional allegations by Cuevas Garcia are sufficient to satisfy this Court's requirement that Plaintiff Garcia provide greater specificity with regards to when she visited the Website.

Accordingly, the Court should deny Defendant's motion to dismiss the Amended Complaint.

## II.    FACTUAL BACKGROUND

### A.    S&W Falsely Told Plaintiffs and Other Users That They Could "Reject All" Cookies on the Website.

As the Court reviewed the facts of this case in ruling on Defendant's first motion to dismiss, Plaintiffs will summarize the facts here briefly.

When consumers visit the Website, S&W displays to them a popup cookie consent banner. ECF No. 51 ("Am. Compl.") ¶ 1. S&W's cookie banner states that the Website uses cookies and other tracking technologies but expressly gives users the option to control whether they are tracked and how their personal data is used. *Id*. S&W assures visitors that their "opt-out preference signal" will be "honored."

The representation that users could "Reject All" cookies was false. Instead, even when users



PLS.' OPP'N TO DEF'S. MOT. TO DISMISS FAC – CASE NO. 5:25-CV-03085-PCP

clicked "Reject All" cookies, S&W nevertheless permitted many third parties[1] to place on Plaintiffs' and Class members' devices and browsers the very cookies they had declined. *Id*. ¶¶ 25–28. Once placed, these cookies allowed Plaintiffs' and Class members' data to be transmitted to third parties in the manner and for the purposes alleged in the Complaint and as described below and in the Amended Complaint. *Id*. ¶¶ 35–56.

The cookies S&W wrongfully enabled the Third Parties to place on Plaintiffs' devices and browsers—despite Plaintiffs' express rejection and despite S&W's express representation to the contrary—permitted the Third Parties to track and collect data in real time regarding Plaintiffs' behaviors and communications, including their browsing history, IP addresses, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data (the "Private Communications"). *Id*. ¶¶ 3, 20, 31.

Plaintiffs filed their Original Complaint on April 4, 2025, alleging invasion of privacy, intrusion upon seclusion, violation of the wiretapping and pen register provisions of California Penal Code § 631, common law fraud, unjust enrichment, breach of contract, and trespass to chattels. Defendant moved to dismiss under Rule 12(b)(6).

This Court granted in part and denied in part Defendant's 12(b)(6) motion. ECF No. 48. It denied the motion with respect to Plaintiffs' invasion of privacy, intrusion upon seclusion, and unjust enrichment claims. As part of that analysis, it rejected Defendant's argument that the Plaintiffs lacked Article III standing because they had not suffered any injury. The Court granted the motion with respect to Plaintiffs' implied breach of contract claims and trespass to chattels with leave to amend. It also granted the motion with leave to amend for Plaintiffs' CIPA claims, holding that the original Complaint failed to plead adequately what "contents" of communications were intercepted, as well as what pen register information was captured. The Court also granted the motion with leave to amend with respect to Plaintiffs Cuevas Garcia's fraud and fraudulent concealment claims, holding that Federal Rule of Civil Procedure 9(b) required additional information regarding "when" Plaintiff

---

[1] These third parties include Google LLC (YouTube, DoubleClick and GoogleAnalytics), X Corp. (formerly Twitter), Listrak, Inc. and Lightbox (the "Third Parties").

Cuevas Garcia visited the Website.

## III.    ARGUMENT

### A.    Plaintiff Thayer's Claims are Timely.

The statute of limitations is "generally an affirmative defense rather than an element of the plaintiff's claim." *Turner v. Google LLC*, 737 F. Supp. 3d 869, 877 (N.D. Cal. 2024). Affirmative defenses do not provide a basis for dismissal under Rule 12(b)(6) unless the plaintiff has pleaded herself out of a claim by "admit[ing] all the ingredients of an impenetrable defense," *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018), meaning that the plaintiff's pleaded facts demonstrate no "potential factual dispute that could affect whether the defense applies," *Rabin v. Google LLC*, 725 F. Supp. 3d 1028, 1031 (N.D. Cal. Mar. 26, 2024). Where the defendant moves to dismiss a claim as untimely under the applicable statute of limitations, the motion can be granted "only when 'the running of the statute is apparent on the face of the complaint.'" *Van Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993) (noting complaint need not address statute of limitations raised as affirmative defense).

On amendment, Plaintiffs added additional details and specificity regarding when they visited the Website and what actions they took on the Website. For Plaintiff Thayer, this included visits prior to the November 2024 visit identified in the original Complaint. Defendant now challenges the timeliness of claims based on Plaintiff Thayer's earlier visits. But this argument is unavailing.

Both the discovery rule and the fraudulent concealment doctrine tolled CIPA's one-year statute of limitations. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Beheshta Mahboob v. Educ. Credit Mgmt. Corp.*, No. LA CV21-08585-JAK-GJS, 2023 U.S. Dist. LEXIS 245751, at *40 (C.D. Cal. Dec. 20, 2023) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005)). Here, Plaintiffs have alleged they do not know how the Website is programmed and that determining whether Defendant is placing unauthorized cookies and transmitting data to third parties requires specialized software developer training. Am. Compl. ¶¶ 81, 90, 98. Thus, they did not have a reason or the ability to discover the violations at the time of their visit, and Plaintiffs' claims should be tolled. *See Doe v. Fullstory*, 712

F. Supp. 3d 1244, 1255–56 (N.D. Cal. 2024) (discovery rule applied where plaintiff alleged that defendant had exclusive knowledge of its platform, and the highly technical nature of the violation all but ensured that Plaintiff could not discover the violation at all). Similarly, these allegations are sufficient to allege tolling for various prospective class members under the delayed discovery rule, as they also were reasonably unable to discover the wrongful conduct earlier. *See B.K. v. Desert Care Network*, No. 2:23-cv-05021 SPG (PDx), 2024 U.S. Dist. LEXIS 18970, at *11 (C.D. Cal. Feb. 1, 2024) (holding that a delayed discovery argument posed a "barrier to dismissal" when the plaintiff alleged that the defendants secretly incorporated Pixels into their web properties and patient portals).

Separately, fraudulent concealment tolls Plaintiff's claims when "(1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have actual or constructive knowledge of the facts giving rise to its claim; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *Brown v. Google LLC*, 525 F.Supp.3d 1049, 1070 (C.D. Cal. March 12, 2021) (internal quotation marks and citation omitted). Plaintiffs demonstrate these requirements: they allege Defendant affirmatively misrepresented to website visitors that users can "Decline All" cookies and tracking technologies. *See, e.g.*, Am. Compl. ¶ 27 ("Defendant's representations, however, were false."). Plaintiffs also plead that they did not have actual or constructive knowledge of the facts giving rise to their claims. *Id*. ¶¶ 30, 76, 78, 80–81, 85, 89–90, 93, 97–98. Because of this affirmative misrepresentation, and Plaintiff's lack of technical expertise, Plaintiff acted diligently in bringing this action after learning of Defendant's privacy violations in 2024. *Id*. Indeed, Plaintiff's invocation of the fraudulent concealment doctrine is *stronger* than it was in *Fullstory.* Here, unlike in *Fullstory*, Plaintiff has "allege[d] facts with respect to . . . the source of [Defendant's] fraudulent concealment;" namely, the affirmative misrepresentation that website users could truly "Reject All" cookies and tracking technologies. *See Fullstory*, 712 F. Supp. 3d at 1256. As such, Defendant's fraudulent concealment tolled the statute of limitations.

Should the Court require additional detail, Plaintiffs can amend their pleading to include the dates they learned of the basis for their causes of action. Defendant argues that the claims should be dismissed without leave to amend. However, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the

merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (internal quotation marks and citation omitted). While a court may exercise its discretion to deny leave to amend due to "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment," neither reason justifies denying leave here. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B. Plaintiffs Have Adequately Pled CIPA Claims.

Plaintiffs allege two claims under CIPA. First, Plaintiffs allege a wiretapping claim under the fourth prong of Section 631(a) which makes liable persons who aid others who "unlawfully do, or permit, or cause to be done" either "(1) intentional wiretapping, (2) willfully attempting to learn the contents or meaning of a communication in transit over a wire, [i.e., eavesdropping,] and (3) attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Rodriguez v. Ford Motor Co.*, No. 3:23-cv-00598, 2024 U.S. Dist. LEXIS 218685, at *12 (S.D. Cal. Dec. 3, 2024) (cleaned up). Second, Plaintiffs allege that Defendant's conduct violates CIPA § 638.51, which prohibits the unconsented to installation and use of "pen registers" and "trap and trace devices." Each of Defendant's challenges to these claims are meritless.

### 1. Plaintiffs properly plead that "contents" were intercepted.

In its order dismissing Plaintiffs pen register claims, this Court found that, although plaintiffs' allegations are likely sufficient to establish that the technology at issue enabled some 'communications' to be intercepted," Plaintiffs "do not specifically allege that their communications were intercepted," and "do not allege that, in interacting with Smith & Wesson's website, they personally engaged in any communications with the website whose content could have been intercepted." ECF No. 48 at 7. The Amended Complaint now contains such allegations, identifying the type of browsing, navigation, and searching each Plaintiff did on the Website and alleging such communications were intercepted in real time. Am. Compl. ¶¶ 74, 79, 82, 83, 88, 91, 98.

CIPA prohibits interception of "contents" of communications. "Contents" of communications "refer[] to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the

communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014); *see also Yoon v. Lululemon United States*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (explaining CIPA protects "user-generated material" but not "routine identifiers").

This Court previously acknowledged that website interactions "such as user input data, shopping behaviors, or in some circumstances referring URLs" could convey the contents of a user's communication with a website "if they revealed what the user was seeking to do or searching for." *See Wiley v. Universal Music Grp.*, No. 25-cv-03095-PCP, 2025 LX 594493, at *20 (N.D. Cal. Dec. 17, 2025). Here, Plaintiffs have included allegations regarding their visits to the Website, which as alleged in the Amended Complaint, resulted in the transmission of content to third parties. For example, Third Party interception of URLs that reveal what each Plaintiff was looking for satisfies the "content" element of CIPA § 631(a).

Defendant complains that Plaintiffs still have not listed out the specific search terms they entered or other specific communications that were transmitted to third parties. This asks for a level of specificity which is simply not required, especially here, where the detailed information is in the possession of Defendants and third parties, not plaintiffs. Moreover, Plaintiffs are not testers and lack the technical sophistication to observe their network activity in real time—meaning they did not observe or record Defendant's wrongful conduct as it happened. In this context, Plaintiffs allegations are more than sufficient.

### 2.    The "Contents" were Intercepted "in Transit".

When essential information is within the other parties' knowledge, Rule 9(b) permits pleading knowledge and intent on "information and belief." *See Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988). Defendant suggests that Plaintiffs do not allege that third parties intercepted Plaintiffs' communications "while" in transit. Plaintiffs clearly do so here. *See* Am. Compl. ¶¶ 57–64. Thus, the Amended Complaint alleges that "the interception must occur contemporaneous with the sending or receipt of the message." *See Valenzuela v. Keurig Green Mountain, Inc*., 674 F. Supp. 3d 751, 759 (N.D. Cal. 2023). Specifically, the Amended Complaint alleges that the Third Parties operate large-scale data ingestion that receives, reads, and acts on incoming data streams *in real time*. Am. Compl. ¶¶ 57, 63. These allegations are supported by the screenshots of network activity, which identify

specific examples of the cookies at issue that transmit data in real time. *Id.* ¶¶ 29–30. Defendant takes issue with these screenshots, baldly describing the allegations of what they show as "conclusory" even though they are specific factual allegations of what occurred on the Website. The Court should ignore this distraction.

The cases Defendant cites in support are easily distinguishable. *See Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 U.S. Dist. LEXIS 13476, at *7–10 (N.D. Cal. Jan. 25, 2022) (plaintiffs specifically alleged that Google logged their data and then *subsequently* transmitted it, failed to describe how Google intercepted the relevant data in real time, and then made some vague and inapposite references to "real-time ad bidding," which was a separate issue); *see also Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024) (vague allegations that a third party was "plugged into" a website, and that messages were routed through its server, failed to specifically allege interception).

Defendant argues incorrectly that Plaintiffs' CIPA claim fails because they do not allege that third parties "attempted to understand the substantive meaning of any Plaintiff's communication while it was traveling over the wire." ECF No. 53 at 13. This is neither true nor necessary for pleading a CIPA claim. "CIPA prohibits both reading *or learning* the contents of any message, report, or communication in transit over any wire, line, or cable without authorization ('interception') *and using or communicating any information so obtained ('use')*." *Jackson v. Linkedin Corp.*, 744 F. Supp. 3d 986, 994 (N.D. Cal. 2024) (emphasis added). It also prohibits "*attempt[ing]*" to do so. Cal. Penal Code § 631(a) (emphasis added).

Allegations that the communications were *intercepted* "in real time" or "contemporaneous[ly] with the sending or receipt of the message" are sufficient to establish the "in transit" element on a motion to dismiss. *See Valenzuela*, 674 F. Supp. 3d at 759 (noting statutory claim can be pled by explaining how messages are "intercepted in real time"); *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-cv-00667-JST, 2024 U.S. Dist. LEXIS 179067, at *15 (N.D. Cal. Oct. 1, 2024) ("while . . . in transit" means "contemporaneously"). Further, simultaneous interception and duplication of communications meet CIPA's "in transit" element: "allegations that [communications] are intercepted in real time through the use of computer code provides sufficient factual detail to support the 'in transit'

requirement." *Esparza v. UAG Escondido A1 Inc.*, No. 23cv0102 DMS(KSC), 2024 U.S. Dist. LEXIS 24429, at *3 (S.D. Cal. Feb. 12, 2024). Put differently, "the key to the interception analysis is whether the plaintiff alleges that the transmission [to the intercepting third party's servers] was simultaneous." *St. Aubin*, 2024 U.S. Dist. LEXIS 179067, at *17.

Indeed, some federal courts question whether it is necessary for Plaintiffs to plead that the interception happened "while" the transmission occurred at all, given the California Supreme Court's keystone case *Ribas v. Clark*, 38 Cal. 3d 355, 359 (1985): "Section 631(a) relates not just to messages, reports, or communications that are 'in transit,' but also to those that are 'being sent from, or received at any place within this state." *Mitchell v. Sonesta Int'l Hotels Corp.*, No. CV 24-2603-GW-SSCx, 2024 U.S. Dist. LEXIS 186701, at *19–20 (C.D. Cal. Oct. 4, 2024) (citing Cal. Penal Code § 631(a) and *Ribas*, 38 Cal. 3d at 359). The California Supreme Court's decision in *Ribas* is instructive. In *Ribas*, "the California Supreme Court already indicated that a complaint survives a pleadings-based challenge and states a prima facie violation of Section 631 because it alleges that eavesdropping occurred either while the communication was 'in transit' or was 'being sent from' or 'received at' a place within California." *Mitchell*, 2024 U.S. Dist. LEXIS 186701, at *25 ("There is no indication in Ribas that the word 'while' was a key focus of the California Supreme Court's analysis.").

Defendant urges this Court to apply holdings born from disparate facts to dismiss Plaintiffs' claims. The Court should not be duped. For example, *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002), involved an attempt to sue an airline for wiretap violations where the airline read posts that had been made to an online bulletin board on an earlier date. The Ninth Circuit held that reading a communication that had been made at an earlier date did not count as interception while the post was "in transit." That holding is entirely inapposite to the facts presented here. *Id*. That is not the issue here, where the Amended Complaint squarely alleges that each of the Third Parties contemporaneously intercepts, processes, "reads," and uses the communication to create profiles of the Plaintiffs and other users for use in targeted advertising by additional third parties. Am. Compl. ¶¶ 57–68. Simply put, this is not a case where the third parties act merely as "a passive tape recorder" to allow Defendant to read back the contents communicated at a later date. Rather, Plaintiffs allege

that each Third Party takes the intercepted communication and derives useful information from it for their own purposes.

Thus, the allegations here, which include allegations that third parties are assembling data profiles for use in targeted advertising and marketing, similarly support an inference that the third parties here are doing more than acting as a passive tape recorder.

### 3. Plaintiffs Properly Plead a "Pen Register" Claim Under Section 638.51.

CIPA Section 638.51(a) prohibits any person from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order." The statute defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). Plaintiffs adequately plead each element of this definition by alleging that the Third Parties' cookies and the corresponding software code S&W installed that allows the Third Parties to attach cookies operate as "pen registers" because they are processes that record users' IP address and user-agent information, which is not the content of the electronic communications being transmitted from users' computers or smartphones to the Websites. Am. Compl. ¶¶ 65–68.

In its order dismissing Plaintiffs pen register claims, this Court found that Plaintiffs "have not alleged that *they* ever communicated with the website. In the absence of any allegation that they communicated with the website, they cannot allege that the 'dialing, routing, addressing, or signaling information' relating to any such communication was unlawfully tracked." ECF No. 48 at 9. The Amended Complaint now contains such allegations. Am. Compl. ¶¶ 65–68, 79, 88, 98. Defendant's argument for dismissal is premised on the idea that Plaintiffs needed to allege the specific signaling numbers or headers identified by the third parties. But the Plaintiffs, who are not technically sophisticated and were not tracking their network activity as they browsed the Website, cannot be expected to know the specific numbers and headers that were transmitted. It is sufficient at the pleading stage, as the Court noted in the Order, that they communicated with the Website and that the "'dialing, routing, addressing, or signaling information' relating to any such communication was unlawfully tracked."

**C.    Plaintiffs Have Adequately Pleaded Their Fraud Claims.**

"The Ninth Circuit has interpreted Rule 9(b) to require that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Brown v. Natures Path Foods, Inc.*, No. 21-cv-05132-HSG, 2022 U.S. Dist. LEXIS 42760, at *7 (N.D. Cal. Mar. 10, 2022) (Gilliam, J.) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quotation marks and citation omitted)). "In short, a fraud claim must state "the who, what, when, where, and how" of the alleged conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading." *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*), superseded by statute on other grounds as stated in *Ronconi v. Larkin*, 253 F.3d 423, 429 & n.6 (9th Cir. 2001). "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *Brown*, 2022 U.S. Dist. LEXIS 42760, at *7–8.

Defendant claims that the Amended Complaint still does not allege when Plaintiff Cuevas Garcia visited the Website with the requisite specificity. This is not correct. The Amended Complaint alleges that Plaintiff Cuevas Garcia visited the Website multiple times over a three-month period. Am. Compl. ¶ 91. Despite S&W's assertion to the contrary, these allegations meet the standards of Rule 9(b)—especially here, where there are no allegations that the Website or cookie banner changed during this period. *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1175–76 (S.D. Cal. 2012) (allegations sufficed when plaintiffs provided "reproductions of Defendant's advertisements throughout the complaint, and attach substantially similar advertisements to the FAC which contain the alleged misrepresentations that serve as the basis of Plaintiffs' claims."). As this Court held previously, Plaintiffs have otherwise pleaded "the who, what, when, where, and how" of Defendants' fraud. They allege that Defendants (the who), fraudulently stated that users could "Reject All" cookies (the what), during the times specified in the Amended Complaint (when), on the Website (where), and that this fraudulent statement appeared on the cookie consent banner (the how). *E.g.*, Am. Compl. ¶¶ 1–3, 25, 27–28, 74–80, 82–89, 91–97 (alleging fraud); ¶¶ 16–20, 22–24 (alleging intentional conduct); ¶¶ 77, 79, 86, 88, 94, 96, 164 (alleging reliance); ¶¶ 69–73, 165 (alleging injury).

- 11 -
PLS.' OPP'N TO DEF'S. MOT. TO DISMISS FAC – CASE NO. 5:25-CV-03085-PCP

**D.    Plaintiffs Request Leave to Amend If Necessary.**

"[L]eave to amend should be granted unless the Court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Indeed, leave to amend is only properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992). Should this Court find any claims in the Complaint insufficient, Plaintiffs request leave to amend to cure the identified deficiencies.

## IV.    CONCLUSION

For the foregoing reasons, S&W's motion to dismiss the Amended Complaint must be denied.


Dated: April 14, 2026

**GUTRIDE SAFIER LLP**

*/s/Patrick J. Branson*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

Patrick J. Branson (*pro hac vice*)
  patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*