**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY D'ANTONIO, THOMAS THAYER, and REINA CUEVAS GARCIA, individuals, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMITH & WESSON INC.,<br><br>Defendant. | Case No. 5:25-cv-03085-PCP<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SMITH & WESSON INC.'S MOTION TO STAY**<br><br>Honorable P. Casey Pitts<br><br>Hearing Date: September 24, 2026<br>Hearing Time: 10:00 AM<br>Hearing Location: Courtroom 8, 4th Floor |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ..... 2

A. Plaintiffs' Claims, Most of Which Have Already Survived Rule 12 ..... 2

B. Discovery Has Been Underway for Ten Months. ..... 3

C. *Variety* and the August 25, 2026 Tentative Ruling ..... 3

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. The *Variety* Tentative Ruling Eliminates the Premise of S&W's Motion ..... 5

1. The tentative rejects the very propositions S&W says *Variety* will supply. ..... 5

2. The one ground on which the tentative grants relief is pleading-specific and does not resolve this case. ..... 6

B. No "Final Result" Is Imminently Forthcoming, and the Requested Stay Is Indefinite. ..... 7

C. *Variety* Cannot Simplify—Let Alone Resolve—the Issues in This Case ..... 7

D. *In re Betterhelp* Does Not Support a Stay Here. ..... 9

E. S&W Identifies No Hardship. ..... 9

F. A Stay Would Prejudice Plaintiffs and the Class ..... 10

G. S&W's "Untenable State of Affairs" Narrative Is Not a *Landis* Factor. ..... 11

V. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## CASES

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 U.S. Dist. LEXIS 110477 (N.D. Cal. July 2, 2018) .......... 4

*In re Betterhelp, Inc. Data Disclosure Cases*, No. 23-cv-01033-RS, 2026 WL 2244051 (N.D. Cal. Aug. 4, 2026) .......... 9

*Blaker v. NetScout Sys., Inc.*, No. 25STCV31283, 2026 WL 1709143 (Cal. Super. Ct. May 27, 2026) .......... 11

*Brandt v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 196364 (E.D. Cal. Nov. 29, 2017)... 7

*Bright Sols. for Dyslexia, Inc. v. Doe*, 2015 U.S. Dist. LEXIS 117252 (N.D. Cal. Sept. 1, 2015) .... 10

*Brinkley v. Monterey Fin. Servs., LLC*, 2020 WL 1929023 (S.D. Cal. Apr. 21, 2020).......... 8

*Cal. Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F. Supp. 3d 1102 (C.D. Cal. 2015).......... 8

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962).......... 4, 10

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007)........... 4, 7

*Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109 (N.D. Cal. 2025).......... 11

*Franklin v. Ocwen Loan Servicing, LLC*, 2020 WL 3316058 (N.D. Cal. June 18, 2020).......... 8

*Goro v. Flowers Foods, Inc.*, 2020 WL 804841 (S.D. Cal. Feb. 18, 2020).......... 10

*Gutierrez v. Converse Inc.,* No. 24-4797, 2025 WL 1895315 (9th Cir. July 9, 2025) .......... 11

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......... passim

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979).......... 8

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .......... 4, 9, 10

*McMillion v. Rash Curtis & Assocs.*, 2018 U.S. Dist. LEXIS 101700 (N.D. Cal. June 18, 2018) ...... 7

*Mendez v. Optio Sols., LLC,* 239 F. Supp. 3d 1229 (S.D. Cal. 2017).......... 7

*Moss v. ResortPass Inc.*, No. 24CU023415C, 2025 WL 3452360 (Cal. Super. Ct. Oct. 30, 2025)... 11

*Prometheus Real Estate Grp., Inc. v. Terminix Int'l Co. Ltd. P'ship*, 2016 U.S. Dist. LEXIS 51096 (N.D. Cal. Apr. 15, 2016) .......... 7, 8

*Shah v. Politico LLC,* No. 5:25-cv-05213-NW (N.D. Cal. Mar. 4, 2026).......... 2, 9

*Variety Media, LLC v. Superior Court*, No. B350578 (Cal. Ct. App.).......... passim

**STATUTES**

Cal. Civ. Code § 1798.100 et seq. .......... 1, 5
Cal. Penal Code § 631 .......... passim
Cal. Penal Code § 631(a) .......... 2, 5, 8
Cal. Penal Code § 638.50(b) .......... 2, 4, 6
Cal. Penal Code § 638.51 .......... passim

**RULES**

Fed. R. Civ. P. 12(b)(6) .......... 2, 3
Fed. R. Civ. P. 26(f) .......... 3
Fed. R. Civ. P. 30(b)(6) .......... 3
Fed. R. Civ. P. 37 .......... 3
Civ. L.R. 7-3(d) .......... 6

## I. INTRODUCTION

Smith & Wesson Inc. ("S&W") asks this Court to halt this sixteen-month-old case in its entirety, indefinitely, while a California Court of Appeal resolves a writ petition in a different case, brought by a different plaintiff, against a different defendant, presenting a single cause of action under a single provision of the California Invasion of Privacy Act ("CIPA"). S&W's fundamental premise is that *Variety Media, LLC v. Superior Court*, No. B350578 (Cal. Ct. App.) ("*Variety*") will supply appellate guidance on "whether the California Legislature intended CIPA to reach online activity at all." Mot. at 7. That premise is no longer entirely speculative, and, as such, seriously undermines S&W's motion.

On August 21, 2026—the morning of oral argument in *Variety*, and six days before this opposition was due—the Court of Appeal issued a tentative ruling rejecting each of the propositions S&W claims *Variety* will establish. The *Variety* court tentatively concluded that CIPA's definition of "pen register" is "coextensive with the federal definition on which the Legislature modeled it, reaching a device or process that records or decodes metadata associated with either telephonic or online communications," and that reading it to exclude internet communications "would defeat" the Legislature's purpose in enacting the provision in 2015. *See* Branson Decl. Ex. A ("Tentative Ruling") at 1. It rejects the argument that applying the pen register provisions online "would create an irreconcilable conflict with the California Consumer Privacy Act," holding that CIPA's consent requirement "does not displace" the CCPA's disclosure condition but "incorporates and exceeds it." *Id.* at 1–2. And it rejects the argument "that the rule of lenity requires a telephone-specific construction," because "decades of consistent federal authority interpreting the identical federal definition to reach internet communications gave fair notice of this construction." *Id.* at 2. On each of the three questions S&W predicts the Court of Appeal "will likely address," Mot. at 7, the tentative answers against S&W.

Although the tentative could, of course, change, S&W's motion fails on its own terms. S&W says it wants "the benefit of the Court of Appeals' guidance in this action," Mot. at 1, and it now has that benefit without a stay and without a day of delay.

Even if the tentative is not adopted, S&W's motion still independently fails under *Landis v. North American Co.*, 299 U.S. 248 (1936), which reserves stays of this kind for "rare circumstances"

and requires the movant to "make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255.

In that context, even if the *Variety* court reverses the tentative, *Variety* still involves only one claim under section 638.51—i.e., the pen register claim. This case involves additional claims, and this Court has already denied S&W's motion to dismiss the invasion of privacy, intrusion upon seclusion, and unjust enrichment claims and rejected S&W's contention that Plaintiffs suffered no injury. ECF No. 48. None of those claims turns on the meaning of "pen register," and neither does Plaintiffs' claim under section 631(a), which is not before the California Court of Appeal. The discovery S&W complains of is discovery it owes on the surviving common law claims regardless of how *Variety* ultimately comes out. The stay S&W requests—"in full until final disposition of the *Variety* appeal," Mot. at 8—has no end date. And delay threatens the transient technical evidence at the heart of this case, including evidence held by third parties who have no obligation to preserve it. Months ago, Judge Wise denied a materially identical motion in *Shah v. Politico LLC*, holding that "the disposition of the Variety Appeal will have little (if any) effect on the claims currently before the Court." *See* Branson Decl. Ex. B (No. 5:25-cv-05213-NW, ECF No. 88 (N.D. Cal. Mar. 4, 2026)). And Judge Wise did so without the benefit of the *Variety* tentative.

Finally, Defendant's timing is suspicious. The Court of Appeal ordered full briefing in Variety and stayed the underlying case on January 8, 2026. Mot. at 5. In the seven months that followed, S&W moved to dismiss the Amended Complaint and briefed that motion to completion; served three sets of written discovery on each of three Plaintiffs; partially responded to Plaintiffs' written discovery; and exchanged correspondence for months on the deficiency of Defendant's responses. Only then—with its second Rule 12 motion submitted, a ruling pending and an ESI production past-due—did S&W decide this case cannot proceed. A stay request that arrives this late, on facts this old, is an effort to buy time rather than save it.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Most of Plaintiffs' Claims Have Already Survived a Motion to Dismiss.

Plaintiffs Tony D'Antonio, Thomas Thayer, and Reina Cuevas Garcia filed this action on April 4, 2025. They allege that S&W's website displayed a cookie consent banner representing that users

could control whether they were tracked and assuring them that their "opt-out preference signal" would be "honored"; that each Plaintiff selected "Reject All"; and that S&W nevertheless permitted third parties—including Google LLC, X Corp., Listrak, Inc., and Lightbox—to install on Plaintiffs' devices the very cookies Plaintiffs had declined, and to collect their data in real time. ECF No. 51 ("Am. Compl.") ¶¶ 1–3, 20, 25–31, 35–56. The Amended Complaint pleads six claims: invasion of privacy, intrusion upon seclusion, wiretapping under section 631(a), use of a pen register under section 638.51, common law fraud, and unjust enrichment.

This Court granted in part and denied in part S&W's first motion to dismiss. ECF No. 48. It denied the motion as to the invasion of privacy, intrusion upon seclusion, and unjust enrichment claims, and rejected S&W's argument that Plaintiffs lacked Article III standing because they suffered no injury. *Id.* It granted the motion with leave to amend as to the CIPA claims and Plaintiff Cuevas Garcia's fraud claims; it did not disturb Plaintiff Thayer's fraud claims. *Id.* Plaintiffs filed the Amended Complaint on March 17, 2026. S&W moved to dismiss on March 31, 2026, ECF No. 53; Plaintiffs opposed on April 14, 2026, ECF No. 55; and S&W replied on April 21, 2026, ECF No. 56.

**B. Discovery Has Been Underway for Ten Months.**

The parties held their Rule 26(f) conference and obtained a stipulated ESI order and protective order on October 20, 2025. ECF Nos. 42, 43. Plaintiffs served requests for production and interrogatories; S&W responded on January 16, 2026, the parties have exchanged communications regarding the deficiencies in S&W's responses; and there are unresolved disputes. Branson Decl. ¶ 4. S&W served requests for admission, interrogatories, and requests for production on each Plaintiff on February 17, 2026, and Plaintiffs responded. *Id.* ¶ 5. Plaintiffs have served document subpoenas on Google LLC, X Corp., Listrak, Inc., and Digioh LLC, and intend to take a Rule 30(b)(6) deposition and move for class certification. *Id.* ¶¶ 6–7.

**C. *Variety* and the August 21, 2026 Tentative Ruling.**

*Variety* is a writ proceeding in the Second Appellate District, Division Three, arising from an order overruling a demurrer. The appeal concerns a single cause of action, under section 638.51, alleging that third-party "Trackers" transmit the visitor's IP address and other device information to data brokers; *Variety's* principal argument was that "CIPA's pen register provisions apply only to

telephonic surveillance devices and do not reach internet-based tracking technology." Tentative Ruling at 1. The Court of Appeal ordered briefing and stayed the trial court proceedings on January 8, 2026, and heard argument on August 25, 2026. The tentative ruling, issued prior to argument, rejecting *Variety's* principal argument, its CCPA-conflict argument, and its rule-of-lenity argument, and agreed only that section 638.50(b) "reaches only a device or process that records or decodes metadata likely to identify the destination of an outgoing communication." *Id.* at 2. The tentative would direct that the demurrer be sustained with leave to amend, and further stated that it "will not entertain further briefing or grant a continuance based on the issuance of this tentative ruling." *Id.* at 2–3.

## III. LEGAL STANDARD

A *Landis* stay is available only in "rare circumstances." 299 U.S. at 255. The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else," and "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

In evaluating a request for a stay, courts must weigh the competing interests at stake, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–13 (9th Cir. 2005) (vacating a stay). Courts in this District also ask whether "(i) a final result is imminently forthcoming; (ii) the impending decision would have an impact on the issues raised in the instant matter; (iii) the moving party demonstrates hardship in moving forward; and (iv) a stay will prejudice the non-moving party." *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 U.S. Dist. LEXIS 110477, at *5–6 (N.D. Cal. July 2, 2018). The Ninth Circuit held a district court abused its discretion in issuing a stay where "the stay is likely to do damage to [the plaintiff], and it is unclear when the stay might lift." *Dependable Highway Express, Inc. v. Navigators Insurance Co.,* 498 F.3d 1059, 1066–67 (9th Cir. 2007). Every factor points the same way here—this case should not be stayed.

## IV. ARGUMENT

### D. The *Variety* Tentative Ruling Eliminates the Premise of S&W's Motion.

#### 1. The tentative rejects the very propositions S&W says *Variety* will supply.

S&W tells the Court that the Court of Appeal "will likely address (1) whether the California Legislature intended CIPA to reach online activity at all; (2) how CIPA's provisions fit together as a single statutory scheme; and (3) CIPA's application to online activity in light of the CCPA's separate online-privacy framework," and that "[r]esolution of any one of these questions will meaningfully simplify the legal and factual issues in this case." Mot. at 7. As to the first topic, the tentative concludes the pen register definition is technology-neutral and reaches "metadata associated with either telephonic or online communications," because the Legislature acted in 2015 "for the express purpose of creating a state-law mechanism that would allow California law enforcement to comply with federal law—which already extended to internet communications." Tentative Ruling at 1. The tentative further rejects the argument "that the rule of lenity requires a telephone-specific construction." *Id.* at 2. As to the second topic, the tentative reads sections 638.50 and 638.51 as a coherent scheme modeled on the federal definition and informed by "the parallel trap and trace definition," *id.* at 2—the opposite of S&W's thesis that applying these provisions online is "forc[ing] a square peg into a round hole," Mot. at 4. As to the third topic, the tentative finds "no irreconcilable conflict that warrants narrowing CIPA's technology-neutral definition to telephone-only communications." Tentative Ruling at 2.

If the tentative is adopted, the appellate guidance S&W seeks would therefore not be "dispositive of Plaintiffs' CIPA claims," Mot. at 2, and would not simplify anything for S&W. It would confirm that section 638.51 reaches internet tracking technology, that the CCPA does not occupy the field, and that lenity does not compel a telephone-only reading. A stay to await a decision that will likely confirm Plaintiffs' position is not judicial economy. Plaintiffs in no way suggest that the tentative ruling is binding, and the Court of Appeal may ultimately revise its analysis. But S&W asked for the benefit of the *Variety* court's guidance, and the benefit is now available at no cost in delay—particularly since the Court of Appeal has said it "will not entertain further briefing or grant a continuance based on the issuance of this tentative ruling." Tentative Ruling at 3. If the opinion issues

before September 24, Plaintiffs will promptly file a statement of recent decision under Civil Local Rule 7-3(d).

**2. The one ground on which the tentative grants relief is pleading-specific and does not resolve this case.**

The tentative agrees with appellant on a single argument, raised for the first time in Variety's reply: that section 638.50(b) "reaches only a device or process that records or decodes metadata likely to identify the destination of an outgoing communication." Tentative Ruling at 2. It applies that construction to the *Variety* complaint and finds it wanting because "[p]laintiff's theory, as alleged in both iterations of his complaint, has always been that his IP address satisfies the pen register definition's metadata component," and because the plaintiff's screenshots of "domain," "Origin," and "Referer" fields left it "unclear from the pleading whether the Trackers were positioned to record destination-identifying metadata about an outgoing communication as it occurred." *Id.* However, it ultimately would remand this issue to the lower court, as the tentative sustains the demurrer with leave to amend.

This has no bearing on this case, as it is fact specific. Even if it did, the Amended Complaint here is pleaded differently. It devotes a dedicated section to "The Signaling and Addressing Information Intercepted by the Third Parties," Am. Compl. ¶¶ 65–68, alleging that the third parties record, in real time, the "destination IP addresses" and "destination port" of the communications Plaintiffs' browsers initiated; the HTTP "Host" header, which "identif[ies] the intended web origin" and functions as "digital 'dialing' information" in the same way "a traditional pen register records the number dialed to reach a destination"; and the TCP/UDP port numbers that "direct traffic to specific software processes" and identify "the communicating endpoints involved." *Id.* ¶¶ 65, 67–68. Those allegations are incorporated into the Fourth Cause of Action. *Id.* ¶ 149. Whether they suffice under the construction the Court of Appeal tentatively adopts is a question for this Court on the pending motion to dismiss—briefed, submitted, and ready for decision. And if the Court concludes the pen register count should say so more directly, the remedy is the same one the *Variety* court would provide the plaintiff: leave to amend one claim. Not a stay of six.

### E. No "Final Result" Is Imminently Forthcoming, and the Requested Stay Is Indefinite.

S&W asks the Court to "stay this case in full until final disposition of the *Variety* appeal." Mot. at 8. "Final disposition" is not a date but an open-ended contingency. An opinion may be followed by a petition for rehearing, a petition for review in the California Supreme Court, and, if review is granted, another full round of briefing and argument. S&W says as much: it hopes the question "may ultimately land before the California Supreme Court." Mot. at 5. Layered on top, the tentative would remand with leave to amend, guaranteeing further trial court proceedings and the possibility of a second demurrer, a second writ petition, and a second appeal. A stay tethered to the "final disposition" of that sequence could last years. *Landis* condemned precisely this, holding that "the limits of a fair discretion are exceeded" where the stay would continue until the determination of any appeal in the other proceeding, 299 U.S. at 256, and directing reconsideration even as to a stay pending the other court's first-instance ruling, *id.* at 258–59. So did *Dependable Highway*, where the stay was an abuse of discretion because "it is unclear when the stay might lift." 498 F.3d at 1066–67. S&W offers no end date, no interim reporting obligation, and no showing of when *Variety* will be finally resolved.

### F. *Variety* Cannot Simplify—Let Alone Resolve—the Issues in This Case.

It is improper to stay a case pending the resolution of an appeal when that appeal will not substantially simplify the issues presented. *See, e.g., McMillion v. Rash Curtis & Assocs*., 2018 U.S. Dist. LEXIS 101700, at *10 (N.D. Cal. June 18, 2018) (denying a stay where issues would remain in the case even if an appellate decision in another case would be relevant to certain other issues). *Variety* concerns a single cause of action under section 638.51. None of Plaintiffs' remaining claims depends on the meaning of "pen register" or on whether CIPA reaches online activity. Even a complete defense victory in *Variety*, however unlikely at this point, would leave this case, this discovery, and this trial precisely where they are. That is why courts deny stays where a pending appeal affects only one of several causes of action and the remaining claims require the same discovery. *See Mendez v. Optio Sols*., LLC, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (denying stay where "other issues would remain ripe for consideration, discovery, and resolution" regardless of the appeal); *Brandt v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 196364, at *10–15 (E.D. Cal. Nov. 29, 2017); *Prometheus Real Estate Grp., Inc. v. Terminix Int'l Co. Ltd. P'ship*, 2016 U.S. Dist. LEXIS 51096, at

*10 (N.D. Cal. Apr. 15, 2016) ("Because this action would move forward regardless of the outcome of the state court appeal, this factor also weighs against the stay."). S&W's own authority makes the point: it cites *California Trout, Inc. v. United States Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1117 (C.D. Cal. 2015), for the proposition that a stay serves economy where it lets "a potentially dispositive legal issue" develop elsewhere. Mot. at 6–7. The issue in *Variety* is not dispositive here, and after August 25 it is not developing in S&W's favor.

Nor does *Variety* reach section 631. The *Variety* tentative's reasoning is specific to sections 638.50 and 638.51: the federal definition the Legislature borrowed in 2015, the 2015 legislative purpose of enabling compliance with federal law, and the source-versus-destination distinction drawn from "the parallel trap and trace definition." Tentative Ruling at 1–2. That analysis does not transfer to section 631(a), which uses different language, was enacted in 1967, has been construed by the California Supreme Court, and is not before the Court of Appeal.

S&W's remaining authorities (Mot. at 7–8) do not suggest that this case would actually be substantially simplified by the result in *Variety*. S&W leans on *Leyva v. Certified Grocers of California, Ltd.* for the proposition that a stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." Mot. at 7 (quoting 593 F.2d 857, 863–64 (9th Cir. 1979)). But the court must still decide whether a stay is "efficient for its own docket" and "the fairest course for the parties." 593 F.2d at 863. A stay that pauses six claims to await a decision resolving one of them, while written discovery is contested and third-party subpoenas are outstanding, is neither.

The next two cases cited by S&W are also readily distinguishable. One granted a stay in a case involving a *single* cause of action where "the [California] Supreme Court's decision will determine whether plaintiff's claim is viable at all." *Franklin v. Ocwen Loan Servicing, LLC*, No. 18-cv-03333-SI, 2020 U.S. Dist. LEXIS 107087, at *5 (N.D. Cal. June 18, 2020). The other granted a stay where the pending appellate decision would have a "decisive effect on the viability of one of [the plaintiff's] two remaining claims," and where a stay would avoid a waste of resources and there was no harm to the parties from the stay. *Brinkley v. Monterey Financial Services, LLC*, No. 16-cv-1103-WQH-WVG, 2020 U.S. Dist. LEXIS 70025, at *14–15 (S.D. Cal. Apr. 21, 2020)). But here, a decision in *Variety*

would concern only one of *six* claims, the tentative indicates it will not be decisive of *any* claim, S&W has not identified any hardship, and Plaintiffs will be harmed by an indefinite stay. Moreover, the clarification S&W hopes will come from *Variety* is unnecessary given the numerous District Courts that have already held the statute applies to the internet; and the *Variety* tentative now confirms as much.

**G. *In re Betterhelp* Does Not Support a Stay Here.**

S&W's best authority is *In re Betterhelp, Inc. Data Disclosure Cases*, No. 23-cv-01033-RS, 2026 WL 2244051 (N.D. Cal. Aug. 4, 2026), where Judge Seeborg stayed claims under sections 631 and 632 pending *Variety*, reasoning that "[a]lthough a decision in *Variety Media* may not answer all of the outstanding legal questions, it likely will provide some guidance." *Id*. at *1; Mot. at 8. Whether or not that reasoning was sound on August 4, it does not survive the tentative. A stay entered to await guidance is no longer warranted once the guidance is in view.

In addition, and pending the final result in *Variety*, *Betterhelp* is not the only word in this District. Judge Wise denied an all-but-identical motion in *Shah v. Politico*, in a cookie-banner case pleading common law privacy claims alongside CIPA claims, on the ground that *Variety* would "have no bearing whatsoever on the vast majority of claims and issues in this case." No. 5:25-cv-05213-NW, ECF No. 88 (N.D. Cal. Mar. 4, 2026).

**H. S&W Identifies No Hardship.**

S&W's only alleged hardship is the cost of discovery on *one* of Plaintiffs' claims pending the decision in *Variety* (Mot. at 6), but that is **not** a sufficient "hardship" to justify a stay. S&W quotes *Aleisa v. Square, Inc*. for the proposition that absent a stay "the parties will have to expend time and money conducting discovery on an issue central to Defendant's liability while lacking a clear idea of the law that will ultimately apply." Mot. at 6 (quoting 493 F. Supp. 3d 806, 816 (N.D. Cal. 2020)). But "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

Here the cost argument is not merely insufficient; it is illusory. The discovery S&W resists is discovery it owes regardless. Every category at issue—how the cookie banner and consent-management platform were designed, tested, and configured; what S&W knew about whether "Reject

All" actually worked; which cookies fired after a user rejected them; what data was transmitted to Google, X Corp., Listrak, and Lightbox, and when—is equally central to all the remaining claims, that no ruling in *Variety* WILL reach. A stay would not spare S&W a single document review. It would only postpone one, at Plaintiffs' (and the class') expense.

**I. A Stay Would Prejudice Plaintiffs and the Class.**

Like the plaintiff in *Lockyer*, Plaintiffs seek more than money. They seek a declaration that S&W's conduct violates California law and an injunction barring S&W from telling users they may "Reject All" cookies while permitting third parties to install them anyway. Unlike *CMAX*, where the stay merely delayed payment of a tariff, a stay here lets the challenged practice continue against a class that grows with every day of delay. S&W's answer is that Plaintiffs have not moved for a preliminary injunction, which it says "lessens . . . concerns about delaying prospective relief and the harm continuing." Mot. at 6 (quoting *Goro v. Flowers Foods, Inc.*, 2020 WL 804841, at *2 (S.D. Cal. Feb. 18, 2020)). That inverts the analysis. Seeking classwide injunctive relief at judgment rather than by emergency motion is the ordinary course in a privacy class action; it reflects the nature of the remedy, not a concession that the conduct has stopped or that delay is costless. *Goro* is a single out-of-district decision, and it does not hold that a plaintiff forfeits the prejudice factor by declining to seek emergency relief. This Court has already rejected S&W's contention that Plaintiffs suffered no injury. ECF No. 48.

Delay also risks the irretrievable loss of the core evidence. Much of the proof consists of data retained only for limited periods in the ordinary course: cookie logs, consent-management records (including the records of each Plaintiff's "Reject All" selection), server logs, and records of transmissions to third parties. The parties' ESI order sets a January 1, 2020 preservation baseline precisely because this material is perishable. ECF No. 42. The risk multiplies for the third parties: Plaintiffs have subpoenaed Google, X Corp., Listrak, and Digioh, and, unlike S&W, third parties are more likely to disregard their preservation duties. *Cf. Bright Sols. for Dyslexia, Inc. v. Doe*, No. 15-cv-01618-JSC, 2015 U.S. Dist. LEXIS 117252, at *7 (N.D. Cal. Sept. 1, 2015) (noting "third-party entities have no duty to preserve absent a court order"). An indefinite stay would suspend those subpoenas while the data behind them ages out of retention—a loss no later ruling in *Variety* could

undo. It would also freeze the pending discovery disputes mid-stream, leaving S&W's unilateral limitations on the class period, the definition of "third party," and the scope of its ESI search in place indefinitely. *Landis* requires the opposite result where there is "even a fair possibility" that a stay "will work damage to someone else." 299 U.S. at 255.

**J. S&W's "Untenable State of Affairs" Narrative Is Not a *Landis* Factor.**

Much of S&W's brief argues that CIPA is a poor fit for the internet and that too many CIPA suits are being filed. Mot. at 1, 4–5, 7. Those are, at best, policy arguments for the Legislature. Neither bears on the *Landis* factors. Moreover, Judge Bybee's observations about section 631(a) appear in a concurrence to an affirmance of summary judgment, not in the panel's holding. *Gutierrez v. Converse Inc.*, No. 24-4797, 2025 WL 1895315, at *2–3 (9th Cir. July 9, 2025) (Bybee, J., concurring). And Judge Chhabria granted summary judgment on the CIPA claim after a full record had been developed. *Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112, 1119 (N.D. Cal. 2025). Neither stayed anything. The inference S&W draws—that district courts should stop adjudicating CIPA cases until an appellate court speaks—is the opposite of what those judges did.

S&W's two most emphatic authorities on this theme are rulings of the California superior courts, which are not precedent and bind no other court. Mot. at 4–5 (citing *Moss v. ResortPass Inc.*, No. 24CU023415C, 2025 WL 3452360 (Cal. Super. Ct. Oct. 30, 2025), and *Blaker v. NetScout Sys., Inc.*, No. 25STCV31283, 2026 WL 1709143 (Cal. Super. Ct. May 27, 2026)). And *Blaker's* reasoning—that section 638.51 covers only devices "attached to telephone lines," Mot. at 5—is the very reasoning the *Variety* Court of Appeal tentatively rejected on August 25. Finally, S&W's assertions about "droves of civil litigants," "copy-and-paste complaints," "serial plaintiffs," and "nearly 800 CIPA suits filed between January 2024 and May 2025" are drawn from Variety Media's own writ petition. Mot. at 1, 7 (citing RJN, Ex. 1 at 11, 27). Most importantly, none of S&W's authorities describe this case, where Plaintiffs and class members all read S&W's banner, all clicked "Reject All," and were tracked anyway. Am. Compl. ¶¶ 74–98.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny S&W's motion to stay in its entirety.

Dated: August 31, 2026

**GUTRIDE SAFIER LLP**

/s/Patrick J. Branson/s/
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*