Alexis M. Buese (SBN 259812)
Bradley Arant Boult Cummings LLP
abuese@bradley.com
1001 Water Street, Suite 1000
Tampa, FL 33602-5809
Telephone: (813) 559-5511
Facsimile: (813) 229-5946

Kimberly M. Ingram-Hogan (SBN 305497)
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Phone: (615) 252-3592
kingram@bradley.com

Erin J. Illman (SBN 238262)
Bradley Arant Boult Cummings LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Phone: (704) 338-6026
Email: eillman@bradley.com

*Attorneys for Defendant Smith & Wesson Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

TONY D'ANTONIO, THOMAS THAYER, and REINA CUEVAS GARCIA, individuals, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

SMITH & WESSON INC.,

Defendant.

Case No. 5:25-cv-03085-PCP

[*Assigned to Hon. J. Casey Pitts*]

**DEFENDANT SMITH & WESSON'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Smith & Wesson Inc. ("S&W" or "Defendant"), by and through its counsel of record, hereby answers the First Amended Class Action Complaint ("Complaint") of Plaintiffs Tony D'Antonio, Thomas Thayer, and Reina Cuevas Garcia ("Plaintiffs") in the above-entitled action as follows:

## INTRODUCTION[1]

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. S&W admits https://www.smith-wesson.com (the "Website") is owned by S&W. Paragraph 1 of the Complaint refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents. S&W denies any remaining allegations in Paragraph 1.

2. S&W is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding how "most internet websites" or "other websites" are designed, and on that basis denies same. S&W denies characterizing Google LLC, X Corp., Listrak, Inc., and Lightbox as "third parties" and denies that these allegations are accurately or completely described. S&W further states that the allegations characterizing certain conduct as "surreptitious," constituting an "eavesdrop[]," or otherwise call for a legal conclusion, to which no response is required; to the extent a response is deemed required, S&W denies the same. S&W denies the remaining allegations in this paragraph, including without limitation the allegations that any statements or promises made by S&W were "outright lies" or were "designed to lull users into a false sense of security."

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, S&W denies the allegations of Paragraph 3.

4. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and denies them accordingly.

---

[1] Captions and headings are copied from the Complaint and are used for clarity only. To the extent required, S&W denies any allegations contained therein.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, S&W denies the allegations of Paragraph 5. S&W is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "Website visitors" "sought to avoid."

**THE PARTIES**

6. S&W lacks knowledge sufficient to respond to the allegations contained in Paragraph 6 of the Complaint.

7. S&W lacks knowledge sufficient to respond to the allegations contained in Paragraph 7 of the Complaint.

8. S&W lacks knowledge sufficient to respond to the allegations contained in Paragraph 8 of the Complaint.

9. Denied. Smith & Wesson Inc. is a Delaware corporation with employees in Massachusetts, Tennessee, and Maine. It is an indirect subsidiary of Smith & Wesson Brands, Inc., which is a Nevada corporation with its headquarters and principal place of business in Maryville, Tennessee.

**JURISDICTION AND VENUE**

10. Admitted that Plaintiffs value the claims brought on behalf of a purported class in excess of $5,000,000, and that Plaintiffs and S&W are citizens of different states. Otherwise, the allegations in Paragraph 10 contain legal conclusions to which no response is required.

11. Admitted that S&W conducts business in the State of California and that Plaintiffs claim their purported harms occurred in the State of California. Otherwise, the allegations in Paragraph 11 contain legal conclusions to which no response is required.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required.

## SUBSTANTIVE ALLEGATIONS

### A. Defendant Programmed the Website to Include Third-Party Resources that Utilize Cookie Trackers.

14. S&W lacks knowledge or information sufficient to form a belief regarding how "[e]very website" is hosted. S&W admits that its Website is hosted on a server, and sends and receives communications through "GET" and "POST" requests. S&W lacks knowledge or information sufficient to form a belief regarding the technical aspects of how those requests cause the Website to function, and therefore denies the same.

15. S&W admits that Paragraph 15 includes one way in which to describe an "IP address" but denies that this description is complete and/or the only way in which to describe an "IP address." To the extent a further response is required, all the remaining allegations of Paragraph 15 of the Complaint are denied.

16. S&W admits that it uses certain resources on certain portions of the Website, including software/code/cookies, and that some such use(s) are subject to and governed by agreements between S&W and third parties. S&W denies the remaining allegations of Paragraph 16 and Plaintiffs' characterization of "third-party resources," and denies that these allegations are accurately or completely described.

17. S&W admits that the Website uses cookies but denies Plaintiffs' characterization of "first-party" and "third-party" cookies and denies that these allegations are accurately or completely described. S&W otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and denies them accordingly.

18. S&W denies Plaintiffs' characterization of "first-party" cookies and denies that these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and denies them accordingly.

19. S&W denies Plaintiffs' characterization of "third-party" cookies and denies that these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and denies them accordingly.

20. S&W denies Plaintiffs' characterization of "third-party" cookies and denies that these allegations are accurately or completely described. S&W further denies Plaintiffs' characterization of "Browsing History," "Visit History," "Website Interactions," "User Input Data," "Demographic Information," "Interests and Preferences," "Shopping Behavior," "Device Information," "Referring URL," "Session Information," "User Identifiers," "Geolocation Data," and collectively these "Private Communications," and denies that these allegations are accurately or completely described. The allegations in Paragraph 20 contain legal conclusions to which no response is required, and S&W otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 and denies them accordingly.

21. S&W denies Plaintiffs' characterization of "third-party" cookies and denies that these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and denies them accordingly.

22. Admitted that S&W manufactures firearms and related accessories. Also admitted that the Website is owned and operated by S&W to allow users to receive information about S&W's products, including where they can buy them, because S&W does not sell firearms on the Website. Paragraph 22 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, S&W denies Plaintiffs' characterizations of "Private Communications" and denies that these allegations are accurately or completely described.

23. S&W denies Plaintiffs' characterization of "Third Parties," "first-party" and "third-party" cookies and denies that these allegations are accurately or completely described. Otherwise, S&W lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23 and denies them accordingly.

24. Paragraph 24 refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents.

**B. <u>Defendant Falsely Informed Users That They Could Reject the Website's Use of Cookies.</u>**

25. S&W admits that at certain points in time, Website users in California were presented with a popup cookie consent banner, and that a screenshot of one such banner appears in Paragraph 25. Otherwise, Paragraph 25 refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents.

25. S&W admits that at certain points in time, Website users were presented with a popup cookie consent banner, and that after Website users select options on its popup cookie consent banner, the popup cookie consent banner may disappear.[2]

26. Paragraph 26 of the Complaint refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents. Otherwise, Paragraph 26 contains Plaintiffs' characterization of their claims, legal conclusions, and arguments, to which no response is required, and S&W denies the remaining allegations in Paragraph 26 accordingly.

27. S&W denies Plaintiffs' characterization of "Private Communications," "Third Parties," and "third-party" cookies, and denies these allegations are accurately or completely described. Otherwise, Paragraph 27 contains Plaintiffs' characterization of their claims, legal conclusions, and arguments, to which no response is required, and S&W denies these allegations accordingly.

28. S&W denies Plaintiffs' characterization of "Third Parties" and "Private Communications" and denies these allegations are accurately or completely described. Otherwise, Paragraph 28 contains Plaintiffs' characterization of their claims, legal conclusions, and arguments, to which no response is required, and S&W denies these allegations accordingly.

---

[2] The Complaint has two paragraphs numbered 25, so S&W has done the same to remain consistent.

29. S&W denies Plaintiffs' characterization of "Third Parties" and denies these allegations are accurately or completely described. Otherwise, S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29, including those pertaining to any "specialized tools," or the truth and veracity of the screenshots provided therein, and denies them accordingly.

30. S&W denies Plaintiffs' characterization of "third party," "Private Communications," and "Third Parties," and denies these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, or the truth and veracity of the screenshots provided in Paragraph 29, and denies them accordingly. To the extent the allegations in Paragraph 30 attempt to interpret the information, S&W denies any such interpretation.

31. S&W denies Plaintiffs' characterization of "Private Communications" and "Third Parties," and denies these allegations are accurately or completely described.

32. S&W denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 contains Plaintiffs' characterization of their claims, legal conclusions, and arguments, to which no response is required, and S&W denies these allegations accordingly.

**C. <u>Defendant's Conduct Violated Its Own Privacy Policy.</u>**

34. S&W denies Plaintiffs' characterization of "Third Parties," "Private Communications," and "third-party" cookies, and denies these allegations are accurately or completely described. The allegations in Paragraph 34 also contain legal conclusions to which no response is required. Otherwise, Paragraph 34 refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents.

**D. <u>The Private Communications Collected as a Result of Third Party Cookies Transmitted When Visiting Defendant's Website.</u>**

**1. Google Cookies**

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies Plaintiffs' characterization of "third-party," "advertising," and "analytics" cookies, and denies these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 35, including the characterizations of Google LLC's cookies, technology, and data practices, and denies them accordingly.

36. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 36, including the characterizations of Google's cookie-setting practices, and denies them accordingly.

37. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 37, including the characterizations of Google Analytics, and denies them accordingly.

38. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 38, including the characterizations of the data Google's cookies allegedly obtain and store, and denies them accordingly.

39. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 39, including the truth and veracity of the screenshot provided therein, and denies them accordingly. To the extent the allegations in Paragraph 39 attempt to interpret the information, S&W further denies any such interpretation.

40. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40, including the characterization of the "gacid" parameter, and denies them accordingly. Paragraph 40 also contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 40 attempt to interpret the information from the

screenshot in Paragraph 39, S&W denies any such interpretation, as the truth and veracity of the screenshot is unknown.

41. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 41, including the characterization of the "npa" parameter, and denies them accordingly. Paragraph 41 also contains legal conclusions to which no response is required. To the extent the allegations in Paragraph 41 attempt to interpret the information from the screenshot in Paragraph 39, S&W denies any such interpretation, as the truth and veracity of the screenshot is unknown.

42. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 42, including the truth and veracity of the screenshot provided therein, and denies them accordingly. To the extent the allegations in Paragraph 42 attempt to interpret the information, S&W further denies any such interpretation.

43. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 43, including the characterization of Google's "IDE" cookie, and denies them accordingly. To the extent the allegations in Paragraph 43 attempt to interpret the information from the screenshot in Paragraph 42, S&W further denies any such interpretation, as the truth and veracity of the screenshot is unknown.

44. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, including the truth and veracity of the information provided therein, and denies them accordingly. To the extent the allegations in Paragraph 44 attempt to interpret the information, S&W further denies any such interpretation.

45. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 45, including the characterization of the "user-agent" information, and denies them accordingly. To the extent the allegations in Paragraph 45 attempt to interpret the screenshot in Paragraph 44, S&W further denies any such interpretation, as the truth and veracity of the screenshot is unknown.

46. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46, and denies them accordingly. The allegations in Paragraph 46 also contain legal conclusions to which no response is required.

47. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 47, including the characterizations of Google's advertising platform and cross-site tracking capabilities, and denies them accordingly.

48. S&W denies Plaintiffs' characterization of "Google" cookies, and denies these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48, including the characterizations of Google's advertising and retargeting practices, and denies them accordingly.

49. Paragraph 49 refers to documents, the contents of which speak for themselves. S&W denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context the referenced documents. Otherwise, S&W lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 49 and denies them accordingly.

**2. Twitter Cookies**

50. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 50, including the characterizations of X Corp.'s cookies and data collection practices, and denies them accordingly.

51. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 51, including the truth and veracity of the screenshots provided therein, and denies them accordingly. To the extent the allegations in Paragraph 51 attempt to interpret the information, S&W further denies any such interpretation.

52. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 52, including the characterizations of X/Twitter's cookies, and denies them accordingly. The allegations in Paragraph 52 also contain legal conclusions to which no response is required. To the extent the allegations in Paragraph 52 attempt to interpret the

screenshot in Paragraph 51, S&W further denies any such interpretation, as the truth and veracity of the screenshot is unknown.

**3. Additional Third Party Cookies.**

53. S&W denies Plaintiffs' characterization of "third party" cookies, and denies these allegations are accurately or completely described. S&W lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 53, including any allegations concerning the listrakbi.com and lightboxcdn.com domains, and denies them accordingly.

54. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 54, including the characterizations of Listrak, Inc.'s business and use of cookies, and denies them accordingly.

55. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 55, including the characterizations of Digioh LLC's business and use of cookies, and denies them accordingly.

56. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56, and denies them accordingly.

**E. <u>The Third Parties Intercept User Communications While in Transit</u>**

57. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 57, and denies them accordingly. Paragraph 57 also contains legal conclusions to which no response is required.

58. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 58, and denies them accordingly.

59. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 59, and denies them accordingly.

60. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 60, and denies them accordingly.

61. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 61, and denies them accordingly.

62. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 62, and denies them accordingly.

63. S&W avers that the Google materials cited by Plaintiffs in Paragraph 63 speak for themselves and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context those materials. Otherwise, S&W lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 63 and denies them accordingly.

64. The allegations in Paragraph 64 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 64 and denies them accordingly.

**F. <u>The Signaling and Addressing Information Intercepted by the Third Parties</u>**

65. The allegations in Paragraph 65 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 65 and denies them accordingly.

66. The allegations in Paragraph 66 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 66 and denies them accordingly.

67. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 67, and denies them accordingly.

68. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 68, and denies them accordingly.

**G. <u>The Private Communications Collected are Valuable.</u>**

69. S&W denies Plaintiffs' characterization of "Private Communications" and "Third Parties" and denies these allegations are accurately or completely described. Paragraph 69 contains legal conclusions or arguments as to whether there is a privacy interest in the purportedly "Private Communications," to which no response is required. To the extent a response is required, S&W denies that there is a protected privacy interest in the purportedly "Private Communications."

S&W denies the allegations in Paragraph 69 characterizing its use of any data allegedly collected by the Third Parties. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 69 and denies them accordingly.

70. S&W admits that it uses certain website analytics data in connection with its marketing and business operations, as described in its Privacy Policy, which speaks for itself, and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that document. S&W denies the remaining allegations in Paragraph 70.

71. S&W avers that the law review article cited by Plaintiffs in Paragraph 71 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that article. Otherwise, S&W lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 71 and denies them accordingly. Paragraph 71 also contains legal conclusions to which no response is required.

72. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 72, and denies them accordingly. Paragraph 72 also contains legal conclusions to which no response is required.

73. S&W denies the allegations in Paragraph 73. Paragraph 73 also contains legal conclusions to which no response is required.

## PLAINTIFFS' EXPERIENCES

### Plaintiff Tony D'Antonio

74. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74, and denies them accordingly.

75. S&W admits that at certain points in time, the Website displayed a popup cookie consent banner, and that such cookie banners have changed over time. S&W avers that the language of the cookie consent banner speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that language. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining

allegations in Paragraph 75, including Plaintiff D'Antonio's subjective observations and beliefs, and denies them accordingly.

76. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 76, and denies them accordingly.

77. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 regarding Plaintiff D'Antonio's subjective beliefs and reliance, and denies them accordingly. S&W denies the remaining allegations in Paragraph 77.

78. S&W denies the allegations in Paragraph 78 characterizing its conduct and the cookie consent banner as false, including the allegation that cookies or tracking technologies were placed on Plaintiff D'Antonio's device or transmitted to the Third Parties before the popup cookie consent banner appeared. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 78 and denies them accordingly.

79. S&W denies the allegations in Paragraph 79 characterizing its conduct as permitting interception of Plaintiff D'Antonio's communications. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79, including Plaintiff D'Antonio's specific search and browsing activity, and denies them accordingly.

80. S&W denies the allegations in Paragraph 80 characterizing its representations as untrue. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 80, including Plaintiff D'Antonio's hypothetical conduct, and denies them accordingly.

81. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81, and denies them accordingly. Paragraph 81 also contains legal conclusions to which no response is required.

**Plaintiff Thomas Thayer**

82. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 82, and denies them accordingly.

83. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 83, and denies them accordingly.

84. S&W admits that at certain points in time, the Website displayed a popup cookie consent banner, and that such cookie banners have changed over time. S&W avers that the language of the cookie consent banner speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that language. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 84, including Plaintiff Thayer's subjective observations and beliefs, and denies them accordingly.

85. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 85, and denies them accordingly.

86. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 regarding Plaintiff Thayer's subjective beliefs and reliance, and denies them accordingly. S&W denies the remaining allegations in Paragraph 86.

87. S&W denies the allegations in Paragraph 87 characterizing its conduct and the cookie consent banner as false, including the allegation that cookies or tracking technologies were placed on Plaintiff Thayer's device or transmitted to the Third Parties before the popup cookie consent banner appeared. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 87 and denies them accordingly.

88. S&W denies Plaintiffs' characterization of "Private Communications" and "Third Parties" and denies these allegations are accurately or completely described. S&W denies the allegations in Paragraph 88 characterizing its conduct as permitting interception of Plaintiff Thayer's communications. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 88, including Plaintiff Thayer's specific search and browsing activity, and denies them accordingly.

89. S&W denies the allegations in Paragraph 89 characterizing its representations as untrue. S&W otherwise lacks knowledge or information sufficient to form a belief as to the

remaining allegations in Paragraph 89, including Plaintiff Thayer's hypothetical conduct, and denies them accordingly.

90. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90, and denies them accordingly. Paragraph 90 also contains legal conclusions to which no response is required.

**Plaintiff Reina Cuevas Garcia**

91. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 91, and denies them accordingly.

92. S&W admits that at certain points in time, the Website displayed a popup cookie consent banner, and that such cookie banners have changed over time. S&W avers that the language of the cookie consent banner speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that language. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 92, including Plaintiff Cuevas Garcia's subjective observations and beliefs, and denies them accordingly.

93. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93, and denies them accordingly.

94. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 regarding Plaintiff Cuevas Garcia's subjective beliefs and reliance, and denies them accordingly. S&W denies the remaining allegations in Paragraph 94.

95. S&W denies the allegations in Paragraph 95 characterizing its conduct and the cookie consent banner as false, including the allegation that cookies or tracking technologies were placed on Plaintiff Cuevas Garcia's device or transmitted to the Third Parties before the popup cookie consent banner appeared. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 95 and denies them accordingly.

96. S&W denies the allegations in Paragraph 96 characterizing its conduct as permitting interception of Plaintiff Cuevas Garcia's communications. S&W otherwise lacks

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 96, including Plaintiff Cuevas Garcia's specific search and browsing activity, and denies them accordingly.

97. S&W denies the allegations in Paragraph 97 characterizing its representations as untrue. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 97, including Plaintiff Cuevas Garcia's hypothetical conduct, and denies them accordingly.

98. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 98, and denies them accordingly. Paragraph 98 also contains legal conclusions to which no response is required.

## CLASS ALLEGATIONS

99. S&W admits that Plaintiffs purport to bring this action as a class action on behalf of themselves and a proposed class pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) but denies that this action may be properly maintained as a class action or that Plaintiffs or the proposed class satisfy the requirements of Rule 23. The remaining allegations in Paragraph 99 contain legal conclusions to which no response is required. Further, S&W admits that Plaintiffs purport to define the proposed Class as stated, but denies that the proposed Class is properly defined, ascertainable, or may be certified. S&W denies the remaining allegations in this paragraph.

100. The allegations in Paragraph 100 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that this action may be properly maintained as a class action, that there is a well-defined community of interest in the litigation, or that the proposed class is ascertainable.

101. The allegations in Paragraph 101 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 101 and denies them accordingly. S&W denies that the numerosity requirement of Rule 23 is satisfied.

102. The allegations in Paragraph 102 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that common questions of law or fact predominate, and denies the remaining allegations characterizing its conduct in Paragraph 102.

103. The allegations in Paragraph 103, including subparts (a) and (b), contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that common questions of law or fact predominate over individual questions or that Plaintiffs and putative class members are entitled to any relief.

104. The allegations in Paragraph 104 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that Plaintiffs' claims are typical of the claims of other putative class members and denies the remaining allegations in Paragraph 104.

105. The allegations in Paragraph 105 contain legal conclusions to which no response is required. To the extent a response is required, S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 105 and denies them accordingly.

106. The allegations in Paragraph 106 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that a class action is superior to other available methods for the fair and efficient adjudication of this controversy and denies the remaining allegations in Paragraph 106.

## CAUSES OF ACTION

### First Cause of Action: Invasion of Privacy

107. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

108. The allegations in Paragraph 108 contain legal conclusions to which no response is required.

109. The allegations in Paragraph 109 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that it intruded upon any legally protected privacy interest of Plaintiffs or putative class members.

110. The allegations in Paragraph 110 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to Plaintiffs' and putative class members' subjective expectations and beliefs, and denies them accordingly. S&W denies the remaining allegations in Paragraph 110.

111. S&W avers that Cal. Civ. Code section 1798.140 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 111 contain legal conclusions to which no response is required.

112. The allegations in Paragraph 112 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 112 characterizing its conduct. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 112, including the characterizations of the Third Parties' data practices, and denies them accordingly.

113. The allegations in Paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 113.

114. The allegations in Paragraph 114 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 114.

115. S&W denies the allegations in Paragraph 115.

116. S&W denies the allegations in Paragraph 116.

117. The allegations in Paragraph 117 contain legal conclusions to which no response is required. To the extent a response is required, S&W admits that Plaintiffs and putative class members purport to seek the relief described in Paragraph 117, but denies that Plaintiffs or putative class members are entitled to any such relief.

118. The allegations in Paragraph 118 contain legal conclusions to which no response is required. To the extent a response is required, S&W admits that Plaintiffs and putative class members purport to seek punitive damages, but denies that its conduct was malicious, oppressive,

or willful, denies that Plaintiffs or putative class members are entitled to punitive damages, and denies the remaining allegations in Paragraph 118.

**<u>Second Cause of Action</u>: Intrusion Upon Seclusion**

119. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

120. The allegations in Paragraph 120 contain legal conclusions to which no response is required.

121. The allegations in Paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 121.

122. S&W denies the allegations in Paragraph 122 characterizing its conduct. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 122 and denies them accordingly.

123. The allegations in Paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 123.

124. The allegations in Paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 124.

125. The allegations in Paragraph 125 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 125.

126. The allegations in Paragraph 126 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 126.

127. The allegations in Paragraph 127 contain legal conclusions to which no response is required. To the extent a response is required, S&W admits that Plaintiffs and putative class members purport to seek the relief described in Paragraph 127, but denies that Plaintiffs or putative class members are entitled to any such relief.

128. The allegations in Paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, S&W admits that Plaintiffs and putative class members purport to seek punitive damages, but denies that its conduct was malicious, oppressive,

or willful, denies that Plaintiffs or putative class members are entitled to punitive damages, and denies the remaining allegations in Paragraph 128.

**<u>Third Cause of Action</u>: Wiretapping in Violation of the California Invasion of Privacy Act (California Penal Code § 631)**

129. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

130. S&W avers that California Penal Code section 631(a) speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 130 contain legal conclusions to which no response is required.

131. S&W avers that the decision cited by Plaintiffs in Paragraph 131 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that decision. The remaining allegations in Paragraph 131 contain legal conclusions to which no response is required.

132. S&W avers that the decision cited by Plaintiffs in Paragraph 132 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that decision. The remaining allegations in Paragraph 132 contain legal conclusions to which no response is required.

133. S&W avers that the decision and the statutory text of California Penal Code section 631(a) cited by Plaintiffs in Paragraph 133 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that decision and statutory text. The remaining allegations in Paragraph 133 contain legal conclusions to which no response is required.

134. S&W avers that California Penal Code section 631(a) speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 134 contain legal conclusions to which no response is required.

135. The allegations in Paragraph 135 contain legal conclusions to which no response is required. To the extent a response is required, admitted that S&W is a corporation, and otherwise denied.

136. S&W avers that the decisions cited by Plaintiffs in Paragraph 136 speak for themselves and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context those decisions. The remaining allegations in Paragraph 136 contain legal conclusions to which no response is required.

137. The allegations in Paragraph 137 contain legal conclusions to which no response is required. To the extent a response is required, S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 137 and denies them accordingly.

138. S&W avers that the decisions cited by Plaintiffs in Paragraph 138 speak for themselves and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context those decisions. The remaining allegations in Paragraph 138 contain legal conclusions to which no response is required, and S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 138 and denies them accordingly.

139. The allegations in Paragraph 139 contain legal conclusions to which no response is required.

140. S&W denies the allegations in Paragraph 140.

141. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 141, and denies them accordingly.

142. The allegations in Paragraph 142 contain legal conclusions to which no response is required. To the extent a response is required, S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 142 and denies them accordingly.

143. S&W lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 143, and denies them accordingly.

144. S&W denies the allegations in Paragraph 144 characterizing its conduct as aiding, agreeing with, employing, permitting, or otherwise enabling the Third Parties' conduct. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 144 and denies them accordingly.

145. The allegations in Paragraph 145 contain legal conclusions to which no response is required. To the extent a response is required, S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 145 and denies them accordingly.

146. S&W denies the allegations in Paragraph 146.

147. S&W avers that California Penal Code section 637.2 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 147 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that Plaintiffs or putative class members are entitled to any relief under Paragraph 147.

148. The allegations in Paragraph 148 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 148.

**<u>Fourth Cause of Action</u>: Use of a Pen Register in Violation of the California Invasion of Privacy Act (California Penal Code § 638.51)**

149. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

150. S&W avers that the statutory text cited by Plaintiffs in Paragraph 150 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statutory text. The remaining allegations in Paragraph 150 contain legal conclusions to which no response is required.

151. S&W avers that California Penal Code section 638.51(a) speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 151 contain legal conclusions to which no response is required.

152. S&W avers that California Penal Code section 638.50(b) speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 152 contain legal conclusions to which no response is required.

153. The allegations in Paragraph 153 contain legal conclusions to which no response is required. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 153 and denies them accordingly.

154. S&W avers that the decisions cited by Plaintiffs in Paragraph 154 speak for themselves and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context those decisions. S&W denies the remaining allegations in Paragraph 154.

155. S&W avers that the decision cited by Plaintiffs in Paragraph 155 speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that decision. The remaining allegations in Paragraph 155 contain legal conclusions to which no response is required.

156. S&W denies the allegations in Paragraph 156 characterizing its conduct. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 156 and denies them accordingly.

157. The allegations in Paragraph 157 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 157.

158. The allegations in Paragraph 158 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 158.

159. S&W avers that California Penal Code section 637.2(a)(1) speaks for itself and denies any allegations or characterizations that are inconsistent with, mischaracterize, or take out of context that statute. The remaining allegations in Paragraph 159 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that Plaintiffs or putative class members are entitled to any relief under Paragraph 159.

**Fifth Cause of Action: Common Law Fraud, Deceit and/or Misrepresentation**

160. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

161. S&W denies the allegations in Paragraph 161.

162. The allegations in Paragraph 162 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 162 characterizing its conduct. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 162 and denies them accordingly.

163. The allegations in Paragraph 163 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 163.

164. The allegations in Paragraph 164 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that it made any misrepresentation or fraudulent omission. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 164 and denies them accordingly.

165. The allegations in Paragraph 165 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 165.

166. The allegations in Paragraph 166 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 166.

167. S&W denies the allegations in Paragraph 167.

168. The allegations in Paragraph 168 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 168.

169. The allegations in Paragraph 169 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that it made any misrepresentation or omission upon which reliance could have been justified. S&W otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 169 and denies them accordingly.

170. The allegations in Paragraph 170 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 170.

171. S&W admits that Plaintiffs and putative class members purport to seek punitive damages, but denies that its conduct was malicious, oppressive, or willful, denies that Plaintiffs or putative class members are entitled to punitive damages, and denies the remaining allegations in Paragraph 171.

**Sixth Cause of Action: Unjust Enrichment**

172. S&W incorporates by reference its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

173. The allegations in Paragraph 173 contain legal conclusions to which no response is required. S&W denies the allegations in Paragraph 173.

174. The allegations in Paragraph 174 contain legal conclusions to which no response is required. S&W denies the allegations in Paragraph 174.

175. S&W denies the allegations in Paragraph 175.

176. The allegations in Paragraph 176 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 176.

177. The allegations in Paragraph 177 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 177.

178. The allegations in Paragraph 178 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 178.

179. The allegations in Paragraph 179 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies the allegations in Paragraph 179.

180. The allegations in Paragraph 180 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that Plaintiffs or putative class members are entitled to restitution or any other relief.

181. The allegations in Paragraph 181 contain legal conclusions to which no response is required. To the extent a response is required, S&W denies that Plaintiffs or putative class members lack an adequate remedy at law.

**PRAYER FOR RELIEF**

S&W denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

In addition to, and without waiver of, its denial of the material allegations of the Complaint, S&W alleges the following separate and distinct affirmative defenses. By designating the following defenses as affirmative defenses, S&W does not concede that it bears the burden of proof with respect to any such defense, and does not intend to alter the burden of proof on such matters to the extent the burden rests on Plaintiffs.

**First Affirmative Defense**

**(Failure to State a Cause of Action)**

The FAC, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(Consent)**

Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because they consented to S&W's website practices, including through S&W's Privacy Policy and cookie consent banner, and/or because any collection or transmission of information occurred with the knowledge and consent of Plaintiffs and putative class members.

**Third Affirmative Defense**

**(No Interception of Contents/No Communication)**

Plaintiffs' and putative class members' wiretapping claim under California Penal Code section 631(a) is barred, in whole or in part, because no third party intercepted or read the contents of a communication to which Plaintiffs or putative class members were a party while that communication was in transit, and because any information collected did not constitute the "contents" of a communication within the meaning of section 631(a).

**Fourth Affirmative Defense**

**(No Pen Register/Content-Only or Non-Covered Information)**

Plaintiffs' and putative class members' pen register claim under California Penal Code section 638.51 is barred, in whole or in part, because the technology at issue did not constitute a "pen register" or "trap and trace device" as defined in California Penal Code section 638.50(b), because any information collected did not constitute "dialing, routing, addressing, or signaling information," and/or because Plaintiffs and putative class members had no reasonable expectation of privacy in the information at issue, including their IP addresses.

**Fifth Affirmative Defense**

**(No Reasonable Expectation of Privacy/No Highly Offensive Conduct)**

Plaintiffs' and putative class members' claims for invasion of privacy and intrusion upon seclusion are barred, in whole or in part, because Plaintiffs and putative class members had no reasonable expectation of privacy in the information at issue, which was routine, commercial browsing and transactional data voluntarily disclosed while using a publicly accessible website, and because S&W's conduct, even if proven, was not highly offensive to a reasonable person.

**Sixth Affirmative Defense**

**(No Fraudulent Intent/Lack of Scienter)**

Plaintiffs' and putative class members' claim for common law fraud, deceit, and/or misrepresentation is barred, in whole or in part, because S&W did not know any representation

was false when made, did not intend to induce reliance, and did not act with the scienter required to establish fraud.

**Seventh Affirmative Defense**

**(No Justifiable Reliance)**

Plaintiffs' and putative class members' fraud claim is barred, in whole or in part, because any reliance by Plaintiffs or putative class members on the statements in S&W's cookie consent banner or Privacy Policy was not justifiable or reasonable under the circumstances.

**Eighth Affirmative Defense**

**(Failure to Plead Fraud with Particularity)**

Plaintiffs' and putative class members' fraud claim is barred, in whole or in part, to the extent it fails to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).

**Ninth Affirmative Defense**

**(No Damages/No Cognizable Injury)**

The FAC, and each claim therein, is barred, in whole or in part, because neither Plaintiffs nor putative class members suffered any actual, cognizable damages, monetary loss, or diminution in the value of any property as a result of any act or omission by S&W.

**Tenth Affirmative Defense**

**(Lack of Standing)**

The FAC, and each claim therein, is barred, in whole or in part, because neither Plaintiffs nor the putative class suffered an injury-in-fact sufficient to confer Article III or statutory standing.

**Eleventh Affirmative Defense**

**(Unclean Hands)**

Upon information and belief, the claims of Plaintiffs and/or the members of the putative class are barred in whole or in part by the doctrine of unclean hands.

**Twelfth Affirmative Defense**

**(Estoppel/Waiver/Release)**

Plaintiffs and/or putative class members, by reason of their own acts, omissions, representations, and/or course of conduct, are estopped from asserting, and have waived and/or released, any right to assert their respective claims against S&W.

**Thirteenth Affirmative Defense**

**(Good Faith)**

S&W acted in good faith and without intent to harm Plaintiffs, putative class members, or to engage in any known wrongful act or violation of law. If any violation occurred, it was the result of a bona fide error made notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**Fourteenth Affirmative Defense**

**(Compliance with Law)**

S&W's conduct was authorized by law and/or S&W complied with all applicable laws.

**Fifteenth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs and/or putative class members failed to mitigate their alleged damages, if any.

**Sixteenth Affirmative Defense**

**(No Statutory Damages/Due Process and Excessive Fines)**

Plaintiffs' and putative class members' claims for statutory damages under California Penal Code sections 631(a) and 638.51, including on a class-wide basis, violate S&W's due process rights under the United States and California Constitutions and the constitutional prohibition against excessive fines, and are unconstitutionally disproportionate to any actual harm alleged.

**Seventeenth Affirmative Defense**

**(No Exemplary or Punitive Damages)**

To the extent Plaintiffs or putative class members seek exemplary or punitive damages, the FAC is devoid of facts sufficient to constitute a cause of action allowing for such an award, and

any award of punitive damages would violate S&W's due process rights under the United States and California Constitutions.

**Eighteenth Affirmative Defense**

**(No Attorneys' Fees)**

Plaintiffs fail to identify a factual or legal basis for their claim for attorneys' fees.

**Nineteenth Affirmative Defense**

**(Class Action Requirements Not Met)**

Plaintiffs cannot certify a class pursuant to Federal Rule of Civil Procedure 23 because they cannot satisfy the requirements for a class action, including numerosity, commonality, typicality, adequacy, predominance, and/or superiority.

**Twentieth Affirmative Defense**

**(Statute of Limitations)**

The FAC, and each purported cause of action therein, is barred, in whole or in part, by the applicable statutes of limitations, including but not limited to the one-year limitations period applicable to claims under the California Invasion of Privacy Act, the two-year limitations period applicable to invasion of privacy and intrusion upon seclusion claims, and the three-year limitations period applicable to common law fraud claims under California Code of Civil Procedure section 338(d).

**Twenty-First Affirmative Defense**

**(Laches)**

The claims of Plaintiffs and/or putative class members are barred, in whole or in part, by the doctrine of laches.

**Twenty-Second Affirmative Defense**

**(Lack of Causation)**

Any damages to which Plaintiffs and/or putative class members may be found entitled in this action, if any, were not directly or proximately caused, in whole or in part, by S&W, and must

be decreased to the extent the acts or omissions of Plaintiffs, putative class members, or any third party caused those damages.

**Twenty-Third Affirmative Defense**

**(Conduct of Third Parties)**

Any alleged damages suffered by Plaintiffs and putative class members were the result of the independent conduct, acts, and/or omissions of third parties, including Google LLC, X Corp., Listrak, Inc., and Digioh LLC, over whom S&W exercised no control.

**Twenty-Fourth Affirmative Defense**

**(Ratification)**

Plaintiffs and/or putative class members have ratified the conduct alleged in the FAC and are therefore barred from recovery against S&W.

**Twenty-Fifth Affirmative Defense**

**(Assumption of Risk)**

Plaintiffs and putative class members voluntarily assumed the risk of any harm resulting from the acts alleged in the FAC and therefore may not recover for any alleged harm.

**Twenty-Sixth Affirmative Defense**

**(Unjust Enrichment/No Restitution or Disgorgement)**

Plaintiffs' and putative class members' unjust enrichment claim is barred, in whole or in part, because S&W did not receive or retain any benefit that would be inequitable for it to keep, and because Plaintiffs and putative class members would be unjustly enriched if they recovered from S&W any of the damages, restitution, disgorgement, or other monetary relief alleged or sought in the FAC.

**Twenty-Seventh Affirmative Defense**

**(Bona Fide Error)**

Plaintiffs and/or putative class members cannot collect statutory or civil penalties because any violation by S&W, if it occurred, was not intentional and resulted from a bona fide error made notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**Twenty-Eighth Affirmative Defense**

**(Justification/Privilege)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by S&W's justification and privilege under the circumstances for the acts and omissions alleged in the FAC.

**Twenty-Ninth Affirmative Defense**

**(Failure to Join Indispensable Parties)**

S&W is informed and believes, and on that basis alleges, that Plaintiffs have failed to join indispensable parties to this action, including the third parties identified in the FAC that allegedly placed and used the cookies and tracking technologies at issue.

**Thirtieth Affirmative Defense**

**(Uncertain and Unascertainable Class)**

The claims of the putative class are barred, in whole or in part, because the proposed class is not ascertainable and class membership cannot be determined without individualized inquiries.

**Thirty-First Affirmative Defense**

**(Reservation of Rights)**

S&W reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the allegations in the FAC have not been expressly admitted or denied, they are hereby denied.

**PRAYER**

WHEREFORE, S&W prays for relief as follows:

1. That the Complaint be dismissed with prejudice as to those causes of action asserted in it;
2. That Plaintiffs take nothing by their Complaint;
3. That S&W be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and
4. For such other relief as the Court deems appropriate and just.

Dated: September 22, 2026

Respectfully Submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

*/s/ Alexis M. Buese*

Alexis M. Buese (SBN 259812)
1001 Water Street, Suite 1000
Tampa, FL 33602-5809
Phone: (813) 559-5511
Facsimile: (813) 229-5946
abuese@bradley.com

Kimberly M. Ingram-Hogan (SBN 305497)
1221 Broadway, Suite 2400
Nashville, TN 37203
Phone: (615) 252-3592
kingram@bradley.com

Erin J. Illman (SBN 238262)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Phone: (704) 338-6026
eillman@bradley.com

*Attorneys for Defendant Smith & Wesson Inc.*